JS-6

1  STEVEN W. BALSTER
   IL Bar No. 6189072, sbalster@ftc.gov
2  JONATHAN L. KESSLER
   CO Bar No. 15094, jkessler@ftc.gov
3
   MARIA DEL MONACO
4  OH Bar No. 0067930, mdelmonaco@ftc.gov
5  FEDERAL TRADE COMMISSION
   1111 Superior Avenue, Suite 200
6  Cleveland, OH  44114
7  Tel:  216-263-3455; Fax:  216-263-3426

8  STACY PROCTER (Local Counsel)          M. CANDICE BRYNER
   CA Bar No. 221078, sprocter@ftc.gov    CA Bar No. 192462,
9  FEDERAL TRADE COMMISSION               candice@brynerlaw.com
10 10877 Wilshire Boulevard, Suite 700    Law Offices of M. Candice Bryner
   Los Angeles, CA  90024                 900 Roosevelt
11 Tel: 310-824-4343; Fax: 310-824-4380   Irvine, CA  92620
12                                         (949) 371-9056 – Tel.
13 Attorneys for Plaintiff                 (949) 679-2492 – Fax
   Federal Trade Commission
14                                         Attorney for Defendants
15                                         A to Z Marketing, Inc.; Apex Members,
                                           LLC; Apex Solutions, Inc.; Expert
16                                         Processing Center, Inc.; Smart Funding
17                                         Corp.; Ratan Baid, and Madhulika Baid

18             UNITED STATES DISTRICT COURT
19             CENTRAL DISTRICT OF CALIFORNIA

20  _____   )
21  FEDERAL TRADE COMMISSION,          )   Case No. SACV13-919 DOC (RNBx)
                                       )
22                       Plaintiff,    )   **STIPULATED FINAL ORDER**
23             vs.                     )   **FOR PERMANENT INJUNCTION**
                                       )   **AND SETTLEMENT OF CLAIMS**
24  A TO Z MARKETING, INC., a          )
25  Nevada corporation, also dba Client)
    Services, *et al.*,                )
26                                     )
                                       )
27                       Defendants.   )

28

1

1    This STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION AND

2  SETTLEMENT OF CLAIMS is between Plaintiff, Federal Trade Commission, and

3  Defendants A to Z Marketing, Inc.; Apex Members, LLC; Apex Solutions, Inc.;

4  Expert Processing Center, Inc.; Smart Funding Corp.; Ratan Baid; and Madhulika

5  Baid.

6    Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), filed its

7  COMPLAINT FOR INJUNCTIVE AND OTHER EQUITABLE RELIEF pursuant to Sections

8  13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C.

9  §§ 53(b) and 57b, and the 2009 Omnibus Appropriations Act, Public Law 111-8,

10  Section 626, 123 Stat. 524, 678 (Mar. 11, 2009) ("Omnibus Act"), as clarified by

11  the Credit Card Accountability Responsibility and Disclosure Act of 2009, Public

12  Law 111-24, Section 511, 123 Stat. 1734, 1763-64 (May 22, 2009) ("Credit Card

13  Act"), and amended by the Dodd-Frank Wall Street Reform and Consumer

14  Protection Act, Public Law 111-203, Section 1097, 124 Stat. 1376, 2102-03 (July

15  21, 2010) ("Dodd-Frank Act"), 12 U.S.C. § 5538.  The Commission filed its

16  Amended Complaint on December 16, 2013.  The Commission and Defendants A

17  to Z Marketing, Inc., also d/b/a Client Services; Apex Members, LLC, also d/b/a

18  Apex Solutions and MacArthur Financial Group; Apex Solutions, Inc.; Expert

19  Processing Center, Inc.; Smart Funding Corp.; Ratan Baid; and Madhulika Baid,

20  a/k/a/ Madhu Baid ("Defendants") stipulate to entry of this STIPULATED FINAL

21  ORDER FOR PERMANENT INJUNCTION AND SETTLEMENT OF CLAIMS to resolve all

22  matters in dispute in this action between them.

23    THEREFORE, IT IS ORDERED as follows:

24

25    **FINDINGS**

26  1. This Court has jurisdiction over this matter.

27

28

2. The Amended Complaint charges that Defendants participated in deceptive and unlawful acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and the Mortgage Assistance Relief Services Rule, 16 C.F.R. Part 322 ("MARS Rule"), recodified as Mortgage Assistance Relief Services, 12 C.F.R. Part 1015 ("Regulation O"), in connection with the marketing and sale of mortgage assistance relief services ("MARS").

3. Defendants neither admit nor deny any of the allegations in the Amended Complaint, except as specifically stated in this Order.  Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4. Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order.  Defendants shall bear their own costs and attorney fees, except that this finding does not preclude Defendants from moving or applying for the release of frozen assets to pay costs and attorneys' fees, nor does this finding preclude the FTC, the Receiver, or any other interested party from opposing such a motion or application.

5. Defendants waive all rights to appeal or otherwise challenge or contest the validity of this Order.

**DEFINITIONS**

A. "***Assisting Others***" includes:

1. performing customer service functions, including receiving or responding to consumer complaints;

2. formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including any telephone sales script, direct mail solicitation, or the design, text, or

1   use of images of any Internet website, email, or other electronic

2   communication;

3    3.  formulating or providing, or arranging for the formulation or

4   provision of, any marketing support material or service, including web

5   or Internet Protocol addresses or domain name registration for any

6   Internet websites, affiliate marketing services, or media placement

7   services;

8    4.  providing names of, or assisting in the generation of, potential

9   customers;

10    5.  performing marketing, billing, or payment services of any kind; or

11    6.  acting or serving as an owner, officer, director, manager, or principal

12   of any entity.

13  B.  *"**Defendants**"* means all of the Individual Defendants and the Corporate

14   Defendants, individually, collectively, or in any combination.

15    1.  *"**Corporate Defendants**"* means A to Z Marketing, Inc., also d/b/a

16   Client Services; Apex Members, LLC, also d/b/a Apex Solutions and

17   MacArthur Financial Group; Apex Solutions, Inc.; Expert Processing

18   Center, Inc.; Smart Funding Corp.; and their successors and assigns.

19    2.  *"**Individual Defendants**"* means Ratan Baid; Madhulika Baid, a/k/a

20   Madhu Baid.

21  C.  *"**Non-Settling Defendants**"* means ; William D. Goodrich, Atty., Inc., also

22   d/b/a WDG, Attorney at Law; William D. Goodrich; Backend, Inc., f/k/a

23   Mortgage Modification Center, also d/b/a MMC, Inc.; Top Legal Advocates,

24   P.C., f/k/a Top Legal Advocates, PLLC; Nationwide Law Center, P.C.;

25   United States Law Center, P.C.; Emax Loans, Inc.; Millennium Law Center,

26   P.C.; Legal Marketing Group, Inc.; SC Law Group, P.C.; Interstate Law

27   Group, LLC; Backend Services, Inc.; Evergreen Law Offices, PLLC; Amir

28

4

1     (Alex) Montazeran; and Business Team, LLC, and any other defendant that

2     is added to the case through the filing of any amended complaint.

3    D. "***Federal homeowner relief or financial stability program***" means any

4     program (including its sponsoring agencies, telephone numbers, and Internet

5     websites) operated or endorsed by the United States government to provide

6     relief to homeowners or stabilize the economy, including but not limited to:

7        1. the Making Home Affordable Program;

8        2. the Financial Stability Plan;

9        3. the Troubled Asset Relief Program and any other program sponsored

10          or operated by the United States Department of the Treasury;

11       4. the HOPE for Homeowners program, any program operated or created

12          pursuant to the Helping Families Save Their Homes Act, and any

13          other program sponsored or operated by the Federal Housing

14          Administration; or

15       5. any program sponsored or operated by the United States Department

16          of Housing and Urban Development ("HUD"), the HOPE NOW

17          Alliance, the Homeownership Preservation Foundation, or any other

18          HUD-approved housing counseling agency.

19    E. "***Financial product or service***" means any product, service, plan, or

20     program represented, expressly or by implication, to:

21       1. provide any consumer, arrange for any consumer to receive, or assist

22          any consumer in receiving, a loan or other extension of credit;

23       2. provide any consumer, arrange for any consumer to receive, or assist

24          any consumer in receiving, credit, debit, or stored value cards;

25       3. improve, repair, or arrange to improve or repair, any consumer's

26          credit record, credit history, or credit rating; or

27

28

4. provide advice or assistance to improve any consumer's credit record, credit history, or credit rating.

F. "*Person*" means a natural person, organization, or other legal entity, including a corporation, partnership, limited liability company, proprietorship, association, cooperative, or any other group or combination acting as an entity.

G. "*Secured or unsecured debt relief product or service*" means, with respect to any mortgage, loan, debt, or obligation between a person and one or more secured or unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

1. stop, prevent, or postpone any mortgage deed of foreclosure sale for a person's dwelling, any other sale of collateral, any repossession of a person's dwelling or other collateral, or otherwise save a person's dwelling or other collateral from foreclosure or repossession;

2. negotiate, obtain, or arrange a modification, or renegotiate, settle, or in any way alter any terms of the mortgage, loan, debt, or obligation, including a reduction in the amount of interest, principal balance, monthly payments, or fees owed by a person to a secured or unsecured creditor or debt collector;

3. obtain any forbearance or modification in the timing of payments from any secured or unsecured holder or servicer of any mortgage, loan, debt, or obligation;

4. negotiate, obtain, or arrange any extension of the period of time within which a person may (i) cure his or her default on the mortgage, loan, debt, or obligation, (ii) reinstate his or her mortgage, loan, debt, or obligation, (iii) redeem a dwelling or other collateral, or

1          (iv) exercise any right to reinstate the mortgage, loan, debt, or

2          obligation or redeem a dwelling or other collateral;

3      5. obtain any waiver of an acceleration clause or balloon payment

4         contained in any promissory note or contract secured by any dwelling

5         or other collateral; or

6      6. negotiate, obtain, or arrange (i) a short sale of a dwelling or other

7         collateral, (ii) a deed-in-lieu of foreclosure, or (iii) any other

8         disposition of a mortgage, loan, debt, or obligation other than a sale to

9         a third party that is not the secured or unsecured loan holder.

10    The foregoing shall include any manner of claimed assistance, including, but

11    not limited to, auditing or examining a person's application for the

12    mortgage, loan, debt, or obligation.

13  H. *"Telemarketing"* means any plan, program, or campaign which is conducted

14    to induce the purchase of goods or services by use of one or more

15    telephones, and which involves a telephone call, whether or not covered by

16    the Telemarketing Sales Rule.

17

18                     **ORDER**

19         **BAN ON SECURED AND UNSECURED**

20      **DEBT RELIEF PRODUCTS AND SERVICES**

21  I.  **IT IS THEREFORE ORDERED** that Defendants, whether acting directly

22    or through any other person, are permanently restrained and enjoined from:

23      A. advertising, marketing, promoting, offering for sale, or selling any

24         secured or unsecured debt relief product or service; and

25      B. assisting others engaged in advertising, marketing, promoting,

26         offering for sale, or selling any secured or unsecured debt relief

27         product or service.

28

**PROHIBITED MISREPRESENTATIONS RELATING TO**

**FINANCIAL PRODUCTS OR SERVICES**

II.   **IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, servants, employees, and attorneys, and all other persons or entities in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with advertising, marketing, promoting, offering for sale, or selling any financial product or service, are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including:

    A. the terms or rates that are available for any loan or other extension of credit, including:

        i.  closing costs or other fees;

        ii.  the payment schedule, monthly payment amount(s), any balloon payment, or other payment terms;

        iii.  the interest rate(s), annual percentage rate(s), or finance charge(s), and whether they are fixed or adjustable;

        iv.  the loan amount, credit amount, draw amount, or outstanding balance; the loan term, draw period, or maturity; or any other term of credit;

        v.  the amount of cash to be disbursed to the borrower out of the proceeds, or the amount of cash to be disbursed on behalf of the borrower to any third parties;

        vi.  whether any specified minimum payment amount covers both interest and principal, and whether the credit has or can result in negative amortization; or

8

vii.  that the credit does not have a prepayment penalty or whether
subsequent refinancing may trigger a prepayment penalty
and/or other fees;

B. the savings associated with the loan or other extension of credit;

C. the ability to improve or otherwise affect a consumer's credit record,
credit history, credit rating, or ability to obtain credit, including that a
consumer's credit record, credit history, or credit rating, or ability to
obtain credit can be improved by permanently removing current,
accurate negative information from the consumer's credit record or
history; or

D. that a consumer will receive legal representation.

## PROHIBITED MISREPRESENTATIONS RELATING
## TO ANY PRODUCTS OR SERVICES

III. **IT IS FURTHER ORDERED** that Defendants, Defendants' officers,
agents, servants, employees, and attorneys, and all other persons or entities
in active concert or participation with any of them, who receive actual notice
of this Order, whether acting directly or indirectly, in connection with
advertising, marketing, promoting, offering for sale, or selling any product,
service, plan, or program are permanently restrained and enjoined from
misrepresenting or assisting others in misrepresenting, expressly or by
implication, any material fact, including:

A. any material aspect of the nature or terms of any refund, cancellation,
exchange, or repurchase policy, including but not limited to the
likelihood of a consumer obtaining a full or partial refund, or the
circumstances in which a full or partial refund will be granted to the
consumer;

9

B. that any person is affiliated with, endorsed or approved by, or otherwise connected to any other person; government entity; any federal homeowner relief or financial stability program; public, non-profit, or other non-commercial program; or any other program;

C. the nature, expertise, position, or job title of any person who provides any product, service, plan, or program;

D. the person who will provide any product, service, plan, or program to any consumer;

E. that any person providing a testimonial has purchased, received, or used the product, service, plan, or program;

F. that the experience represented in a testimonial of the product, service, plan, or program represents the person's actual experience resulting from the use of the product, service, plan, or program under the circumstances depicted in the advertisement;

G. the total costs to purchase, receive, or use, or the quantity of, the product, service, plan, or program;

H. any material restriction, limitation, or condition on purchasing, receiving, or using the product, service, plan, or program; or

I. any other material fact concerning any aspect of the performance, efficacy, nature, or characteristics of the product, service, plan, or program.

## CUSTOMER INFORMATION

**IV.** **IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, servants, employees, and attorneys, and all other persons or entities in active concert or participation with any of them, who receive actual notice

1    of this Order, whether acting directly or indirectly, are permanently

2    restrained or enjoined from directly or indirectly:

3        A. failing to provide sufficient customer information to enable the

4            Commission to efficiently administer consumer redress.  If a

5            representative of the Commission requests in writing any information

6            related to redress, Defendants must provide it, in the form prescribed

7            by the Commission, within 14 days.

8        B. disclosing, using, or benefiting from customer information, including

9            the name, address, telephone number, email address, Social Security

10           number, other identifying information, or any data that enables access

11           to a customer's account (including a credit card, bank account, or

12           other financial account), that any Defendant obtained prior to entry of

13           this Order in connection with the marketing and sale of secured or

14           unsecured debt relief products or services; and

15       C. disposing of such customer information without written authorization

16           from the Commission; and

17       D. failing to dispose of such customer information in all forms in their

18           possession, custody, or control within thirty (30) days of receipt of

19           written authorization from the Commission.  Disposal shall be by

20           means that protect against unauthorized access to the customer

21           information, such as by burning, pulverizing, or shredding any papers,

22           and by erasing or destroying any electronic media, to ensure that the

23           customer information cannot be practicably read or reconstructed.

24       ***Provided, however***, that customer information need not be disposed of, and

25   may be disclosed, to the extent requested by a government agency or required by

26   law, regulation, or court order.

27

28

## MONETARY JUDGMENT

**V.    IT IS FURTHER ORDERED** that:

    A. Judgment in the amount of twenty-five million dollars ($25,000,000.00) is entered against Defendants, jointly and severally, as equitable monetary relief.

    B. Defendants relinquish dominion and all legal and equitable right, title, and interest in all of Defendants' assets that are subject to the asset freeze provisions in the Stipulated Preliminary Injunction entered on July 18, 2013 and as modified and clarified by the District Court's Order of September 16, 2013, including but not limited to assets held by Red Hill Plaza, LLC.  Defendants may not seek the return of any assets that are part of the receivership estate.  If Defendants retain any assets that are subject to the asset freeze and not currently controlled or held by the Receiver as part of the receivership estate, Defendants shall turn over those assets to the Receiver within ten days of entry of this Order.  Thereafter, Defendants may not seek the return of those assets.

    C. The facts alleged in the Amended Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

    D. The facts alleged in the Amended Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

E. Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employment Identification Numbers), which Defendants have submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

F. All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Amended Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement.  Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

G. Nothing in this Section V shall apply to items of heirloom jewelry and precious metals (collectively referred to as jewelry), identified by Madhulika Baid, having a combined appraised value of not more than one hundred thousand dollars ($100,000.00), and, when this case was filed, located in safe-deposit box number 006554M-2 at the Bank of America at 4104 MacArthur Boulevard, Newport Beach, California. The parties will have the contents appraised by an appraiser acceptable to the FTC and Madhulika Baid.  After appraisal, the

13

1    jewelry so identified shall be exempt from seizure by the FTC and not

2    be used to satisfy this judgment so long as the jewelry or any part of it

3    is not sold, traded, pledged, or otherwise liquidated.  If any identified

4    jewelry or any part of it is sold, traded, pledged, or otherwise

5    liquidated (including liquidation by loss and reimbursement from an

6    insurance policy), the proceeds shall be subject to seizure to satisfy

7    this judgment; ***provided, however,*** that Madhulika Baid may, after

8    notice to the FTC of the recipient, date, and conditions of transfer,

9    bequeath or otherwise give the jewelry or any part of it for no

10   consideration.  In the event Madhulika Baid passes away, the jewelry

11   shall maintain its exempt status regardless of whether the recipient

12   transfers or sells such jewelry, as long as it is not liquidated by any

13   Defendant.

14

15                              **COOPERATION**

16   **VI.**   **IT IS FURTHER ORDERED** that Defendants must fully cooperate with

17   representatives of the Commission in this case and in any investigation

18   related to or associated with the transactions or occurrences that are the

19   subject of the Amended Complaint.  Defendants must provide truthful and

20   complete information, evidence, and testimony.  Individual Defendants must

21   appear and Corporate Defendants must cause officers, employees,

22   representatives, or agents to appear for interviews, discovery, hearings,

23   trials, and any other proceedings that a Commission representative may

24   reasonably request upon 5 days written notice, or other reasonable notice, at

25   such places and times as a Commission representative may designate,

26   without the service of a subpoena.  Defendants and their officers, employees,

27

28

                                   14

representatives, and agents shall be provided witness fees and reasonable travel expenses pursuant to applicable federal laws.

## RECEIVERSHIP TERMINATION

VII. **IT IS FURTHER ORDERED** that the Receiver must complete all duties within 180 days after entry of this Order, but any party or the Receiver may request that the Court extend the Receiver's term for good cause.

***Provided, however***, that this provision does not apply to Non-Settling Defendants and/or other entities under receivership that are unrelated to the Corporate Defendants defined above, including but not limited to:  William D. Goodrich, Atty, Inc., also d/b/a WDG, Attorney at Law; BackEnd, Inc., also f/k/a Mortgage Modification Center and d/b/a MMC, Inc.; Millennium Law Center; SC Law Group; Legal Marketing Group, Inc., d/b/a Legal Marketing Group; Interstate Law Group; Accredited Law Group; Backend Services, Inc.; Nationwide Law Center; United States Law Center; Mortgage Modification Center; and Emax Loans, Inc.

## ORDER ACKNOWLEDGMENTS

VIII. **IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of this Order:

    A. Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

    B. For 3 years after entry of this Order, each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants or any Non-Settling Defendant, is the majority owner or controls directly or indirectly, and each Corporate

15

1        Defendant, must deliver a copy of this Order to: (1) all principals,

2        officers, directors, and LLC managers and members; (2) all

3        employees, agents, and representatives who participate in

4        telemarketing and/or the advertising, marketing, promotion, offering

5        for sale or sale of any financial product or service; and (3) any

6        business entity resulting from any change in structure as set forth in

7        the Section titled Compliance Reporting.  Delivery must occur within

8        7 days of entry of this Order for current personnel.  For all others,

9        delivery must occur before they assume their responsibilities.

10      C. From each individual or entity to which a Defendant delivered a copy

11        of this Order, that Defendant must obtain, within 30 days, a signed

12        and dated acknowledgement of receipt of this Order.

13

14              **COMPLIANCE REPORTING**

15   **IX.**    **IT IS FURTHER ORDERED** that Defendants make timely submissions to

16      the Commission:

17      A. One year after entry of this Order, each Defendant must submit a

18        compliance report, sworn under penalty of perjury:

19          i. Each Defendant must: (a) identify the primary physical, postal,

20            and email address and telephone number, as designated points

21            of contact, which representatives of the Commission may use to

22            communicate with Defendant; (b) identify all of that

23            Defendant's businesses by all of their names, telephone

24            numbers, and physical, postal, email, and Internet addresses;

25            (c) describe the activities of each business, including the goods

26            and services offered, the means of advertising, marketing, and

27            sales, and the involvement of any other Defendant  or Non-

28

Settling Defendant (which Individual Defendant must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Defendant is in compliance with each section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

ii. Additionally, each Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email, and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 10 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

i. Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

17

     ii.  Additionally, each Individual Defendant must report any change in: (a) name, including aliases or fictitious names, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____ " and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington DC 20580.  The subject line must begin: *FTC v. A to Z Marketing, Inc., et al.*, Case No. SACV13-919-DOC (RNBx) (C.D. Cal.) [FTC File No. X130049].

18

**RECORDKEEPING**

X.  **IT IS FURTHER ORDERED** that Defendants must create certain records
for 10 years after entry of this Order, and retain such records for 5 years.
Specifically, Corporate Defendants and each Individual Defendant for any
business that such Defendant, individually or collectively with any other
Defendants or Non-Settling Defendants, is a majority owner or controls
directly or indirectly, must create and retain the following records:

A. accounting records showing the revenues from all goods or services
   sold;

B. personnel records showing, for each person providing services,
   whether as an employee or otherwise, that person's:  name; addresses;
   telephone numbers; job title or position; dates of service; and (if
   applicable) the reason for termination;

C. records of all consumer complaints and refund requests, whether
   received directly or indirectly, such as through a third party, and any
   response;

D. all records necessary to demonstrate full compliance with each
   provision of this Order, including all submissions to the Commission;
   and

E. a copy of each unique advertisement or other marketing material.

**COMPLIANCE MONITORING**

XI.  **IT IS FURTHER ORDERED** that, for purposes of monitoring Defendants'
compliance with this Order:

A. Within 14 days of receipt of a written request from a representative of
   the Commission, each Defendant must: submit additional compliance
   reports or other requested information, which must be sworn under

1    penalty of perjury; appear for depositions; and produce documents for

2    inspection and copying.  The Commission is also authorized to obtain

3    discovery, without further leave of court, using any of the procedures

4    prescribed by Federal Rules of Civil Procedure 29, 30 (including

5    telephonic depositions), 31, 33, 34, 36, 45, and 69.

6    B. For matters concerning this Order, the Commission is authorized to

7    communicate directly with each Defendant.  Defendant must permit

8    representatives of the Commission to interview any employee or other

9    person affiliated with any Defendant who has agreed to such an

10    interview.  The person interviewed may have counsel present.

11    C. The Commission may use all other lawful means, including posing,

12    through its representatives as consumers, suppliers, or other

13    individuals or entities, to Defendants or any individual or entity

14    affiliated with Defendants, without the necessity of identification or

15    prior notice.  Nothing in this Order limits the Commission's lawful

16    use of compulsory process, pursuant to Sections 9 and 20 of the FTC

17    Act, 15 U.S.C. §§ 49, 57b-1.

18

19    **RETENTION OF JURISDICTION**

20    **XII.**   **IT IS FURTHER ORDERED** that this Court retains jurisdiction of this

21    matter for purposes of construction, modification, and enforcement of this

22    Order.

23

24    **SO ORDERED this** ___13th___ **day of** ___November___, **2014**

25

26    _David O. Carter_

27    UNITED STATES DISTRICT JUDGE

28

For the Plaintiff

STEVEN W. BALSTER
JONATHAN L. KESSLER
MARIA DEL MONACO

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

For Defendant A to Z Marketing, Inc.

MADHULIKA BAID, President

For Defendant Apex Members, LLC

MADHULIKA BAID, Manager

For Defendant Apex Solutions, Inc.

For Defendant Ratan Baid

RATAN BAID

For Defendant Madhulika Baid

MADHULIKA BAID

For Defendant Expert Processing Center, Inc.

RATAN BAID, Authorized Signatory

For Defendant Smart Funding Corp.

MADHULIKA BAID, aka Madhu Baid,
President

Attorney for Defendants

RATAN BAID, Authorized Signatory

CANDICE BRYNER
Law Offices of M. Candice Bryner
A Professional Corporation
Attorney for Defendants
RATAN BAID, MADHULIKA BAID,
A TO Z MARKETING, INC., APEX
MEMBERS, LLC, APEX
SOLUTIONS, INC., EXPERT
PROCESSING, INC., AND SMART
FUNDING CORP.